ALO S. of Pago Pago, Plaintiff

v.

LEMOE AIUMU of Pago Pago, Defendant

No. 22-1955

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Title: "Tuaolo" of Pago Pago]

December 23, 1955

---

OPINION AND DECREE

Heard at Fagatogo on December 6, 1955 before MOR-
ROW, *Chief Judge* and *Associate Judges* APE and
TAUALA.

S. Lutu, counsel for Alo S.

S. R. S. Tago, counsel for Lemoe Aiumu.

OPINION OF THE COURT

MORROW, *Chief Judge.*

Lemoe Aiumu filed his application with the Registrar of
Titles on February 18, 1955 to be registered as the holder
of the matai name Tuaolo of Pago Pago. Alo S. filed his
objection to the proposed registration on March 11, 1955
and became a candidate for the name. Hence this litigation.
Sec. 932, A. S. Code.

Sec. 926 of the A. S. Code, as amended, prescribes the
qualifications for holding a matai title. It was clear from
the evidence that each of the candidates meets these qualifi-
cations and is, therefore, eligible for registration as the
holder of a matai title.

Sec. 933 of the A. S. Code, as amended, prescribes the
law which the Court must follow in determining which of

eligible opposing candidates for a matai title shall be registered as the holder. It reads as follows:

*"Consideration Given by Court:* In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise the male descendant shall prevail;

(b) The wish of the majority or plurality of these members of the family related by blood to the title;

(c) The forcefulness, character, personality, and capacity for leadership of the candidate;

(d) The value of the holder of the matai name to the government of American Samoa."

We shall first consider the issue of best hereditary right. The uncontradicted evidence as to Alo's lineage was that Tuaolo Ao had a daughter Moe who had a son Lepa who had a son Tutuila who was the father of Alo S. It is apparent from this evidence that candidate Alo S. is the great-great grandson of Tuaolo Ao and has one sixteenth Tuaolo blood in his veins. The evidence as to Lemoe's lineage, also uncontradicted, was that Tuaolo Maumau had a daughter Faifaia who had a daughter Vatau who was the mother of candidate Lemoe. It follows from this evidence that candidate Lemoe is the great-grandson of Tuaolo Maumau and has one eighth Tuaolo blood in his veins. Since Lemoe has one eighth Tuaolo blood while Alo has one sixteenth, Lemoe prevails over Alo on the first issue.

Each of the candidates filed a petition with the court purporting to be signed by those blood-members of the Tuaolo Family supporting his candidacy for the title. There were 73 signatures on the petition for Lemoe and 23 on the petition for Alo. Lemoe admitted that 20 signatures on Alo's petition were those of blood-members but claimed that 3 of the signers for Alo were not blood-members. Alo admitted that 69 of the signers on Lemoe's petition were

183

blood-members of the Family while denying that 4 of them were. If we consider that all of the 23 signers on Alo's petition were blood-members and at the same time admit that only 69 of the 73 signers on Lemoe's petition were blood-members, as claimed by Alo, it would follow that there are three times as many blood-members of the Family who wish Lemoe to hold the title as there are who wish Alo to hold it. The evidence clearly shows that a majority of blood-members wish Lemoe to be the matai. It follows, therefore that Lemoe prevails over Alo on the issue of the "wish of the majority or plurality of those members of the family related by blood to the title."

Since the statute provides that the Court "shall be guided by the following (meaning the four issues) in the priority listed" it follows that the Court must give more weight to the issues of hereditary right and wish of the majority or plurality of the family than it does to the third and fourth issues, viz., "the forcefulness, character, personality and capacity for leadership of the candidate" and "the value of the holder of the matai name to the Government of American Samoa."

Since Lemoe prevails over Alo on the first two issues he is entitled to be registered as the holder of the title even though Alo should prevail over Lemoe on the last two issues. Therefore, no useful purpose would be served by lengthening this opinion by setting out the evidence in the case with respect to the last two issues. Suffice it to say, however, that the Court is of the opinion from the evidence that Lemoe prevails over Alo, not only on the first two issues, but also on the last two.

DECREE

Accordingly, it is ORDERED, ADJUDGED and DECREED that Lemoe Aiumu of Pago Pago be registered as the holder of the matai name Tuaolo of Pago Pago.

184

The Registrar of Titles will be advised of this decree. Costs in the sum of $25.00 are hereby assessed against Alo S., the same to be paid within 45 days.